United States District Court
Southern District of Texas

**ENTERED**

May 07, 2026

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALEXANDER ANTONIO SERVELLON PICADO, Petitioner, | § § § § § | CIVIL ACTION NUMBER 4:26-cv-03003 |
| versus | § § § | JUDGE CHARLES ESKRIDGE |
| MARTIN FRINK, Respondent. | § § | |

OPINION AND ORDER ON DISMISSAL

Petitioner Alexander Antonio Servellon Picado filed a petition for writ of *habeas corpus* under 28 USC §2241 on April 15, 2026. Dkt 1. He proceeds here *pro se*. He acknowledges illegal entry into the United States at a prior date but nonetheless asserts that his present detention violates (i) the Immigration and Naturalization Act, and (ii) the Due Process Clause of the Fifth Amendment. Id at 2–3 & 5.

A prior order noted the Fifth Circuit's decision in *Buenrostro-Mendez v Bondi*, 166 F4th 494, 502–08 (5th Cir 2026), which held that 8 USC §1225(b)(2)(A) subjects anyone present in the United States without legal admission to mandatory detention as an "applicant for admission" deemed to be "seeking admission." See Dkt 4 at 1–2. That order also conveyed a number of previous decisions by the undersigned resolving several closely related issues. See Dkt 4 at 2–5.

Initial screening of the petition determined that the arguments presented raised only issues resolved in those decisions. But Petitioner was granted an opportunity to specify individual circumstances or additional arguments supporting a different result. Id at 5.

Petitioner filed a response and supplemental response. Dkts 8 (response) & 10 (supplement). He recognizes the decision in *Buenrostro-Mendez*, but he nevertheless contends that it doesn't apply to him because (i) he's been in the United States since 2018, (ii) he has a pending asylum claim, and (iii) he's eligible for a U-visa. He also contends that his lack of criminal history, pending asylum claim, and the fragile health of his child warrant immediate release under the Due Process Clause. Dkts 1 at 2–3 & 8 at 1. He also seeks the appointment of counsel and leave to proceed *in forma pauperis*. Dkts 6 (counsel) & 7 (*in forma pauperis*).

### 1.   Motion for appointment of counsel

Petitioner contends that his ongoing detention, the complexity of the case, and the lack of access to legal research tools warrant the appointment of counsel. Dkt 6.

Individuals don't have a right to appointed counsel in immigration proceedings. 8 USC §1362. There's also no constitutional right to counsel in *habeas corpus* cases. *Pennsylvania v Finley*, 481 US 551, 555 (1987). But counsel may be appointed for someone seeking relief under §2241 if the interests of justice warrant it. See 28 USC §1915(e)(1); see also *Santana v Chandler*, 961 F2d 514, 515–16 (5th Cir 1992, *per curiam*) (appointment of counsel in immigration cases permitted when the interests of justice so require).

The Fifth Circuit has articulated several factors that guide consideration of the interests of justice:

- o   The type and complexity of the case;
- o   Whether the indigent party is capable of adequately presenting the case;
- o   Whether that party is in a position to adequately investigate the case;
- o   Whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination; and

> o   Whether appointed counsel would aid in the efficient and equitable disposition of the case.

*Jackson v Dallas Police Department*, 811 F2d 260, 261–62 (5th Cir 1986, *per curiam*), citing *Ulmer v Chancellor*, 691 F2d 209, 213 (5th Cir 1982); see also *Pena-Vargas v Bondi*, 2025 WL 1269354 (5th Cir, *per curiam*) (applying *Ulmer* considerations to an immigration detainee).

As to the first factor, Petitioner's claims don't present any complexities that are unusual in *habeas corpus* actions by immigration detainees. As to the second and third factors, Petitioner has to this point filed sufficiently clear and well-articulated pleadings. Examination of the fourth factor is premature because the case isn't set for an evidentiary hearing. As to the fifth factor, nothing indicates that appointing counsel would aid in the efficient and equitable disposition of the case.

Appointment of counsel isn't warranted at this time. The motion by Petitioner Alexander Antonio Servellon Picado for appointment of counsel will thus be denied. Dkt 6.

### 2.   Motion to proceed *in forma pauperis*

Petitioner has already paid the filing fee for this *habeas corpus* petition.

The current motion by Petitioner Alexander Antonio Servellon Picado to proceed *in forma pauperis* will be denied as moot. Dkt 7.

### 3.   Merits of petition

The claims asserted in Petitioner's petition don't warrant issuance of the writ.

*As to the statutory claim*, Petitioner expresses his disagreement with the Fifth Circuit's determination in *Buenrostro-Mendez* that individuals like himself, present in the United States without legal admission, are subject to detention under §1225(b)(2)(A). But the undersigned previously reached the same conclusion based on the plain language of the statute. See *Montoya Cabanas v Bondi*, 2025 WL 3171331 (SD Tex); *Herrera Naranjo v Uhls*, 2025 WL 3771447 (SD Tex). And even if inclined to reconsider,

the undersigned couldn't grant Petitioner relief because a district court "is bound by a circuit decision unless or until it is overturned by an *en banc* decision of the circuit court or a decision of the Supreme Court." *La Unión del Pueblo Entero v Abbott*, 614 F Supp 3d 509, 525 (WD Tex 2022), quoting *Perez v Abbott*, 250 F Supp 3d 123, 139 (WD Tex 2017). Petitioner's disagreement with prior decisions and binding Fifth Circuit precedent isn't a basis for *habeas corpus* relief.

*As to the due process claim,* Petitioner essentially seeks to bind the current Administration to decisions made previously regarding the enforcement of a statute clearly applicable to him. The Fifth Circuit notes that courts are "exceedingly reluctant to grant equitable estoppel against the government." *Robertson-Dewar v Holder*, 646 F3d 226, 229 (5th Cir 2011). As the Supreme Court observes, "When the Government is unable to enforce the law because the conduct of its agents has given rise to an estoppel, the interest of the citizenry as a whole in obedience to the rule of law is undermined." *Heckler v Community Health Services of Crawford County, Inc*, 467 US 51, 60 (1984). "In addition, the government should not be unduly hindered from changing its position if that shift is the result of a change in public policy." *United States v Owens*, 54 F3d 271, 275 (6th Cir 1995).

Such concerns are certainly present here. The Supreme Court has recognized that "the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings." *Maceda Jimenez v Thompson*, 2025 WL 3265493, *1 (SD Tex), quoting *Demore v Kim*, 538 US 510, 526 (2003). The decision of prior Administrations to decline to enforce §1225(b)(2)(A) against individuals like Petitioner neither changes the plain statutory text nor otherwise abrogates the Government's authority to lawfully detain Petitioner pending his removal. As recently explained by Judge Fernando Rodriguez:

> Petitioner enjoyed liberty within the United States for some years when past

4

> administrations exercised their discretion to forgo applying [§]1225 to him. But no statutory or regulatory provision, and no Constitutional principle, requires Respondents to follow specific procedural steps before exercising their authority to the fullest under [§]1225.

*Makhmudov v Lyons*, 2026 WL 879392, \*1 (SD Tex).

Due process arguments similar to those raised by Petitioner were also rejected by the undersigned in *Penafiel Clavijo v Thompson*, 2026 WL 923310 (SD Tex), which held that (i) procedural due process doesn't require an individualized custody determination beyond the mandate of 8 USC §1225(b)(2)(A), and (ii) pre-removal-order detention without a bond hearing pending removal proceedings doesn't violate substantive due process, where not exceeding the presumptively reasonable six-month period enunciated in *Zadvydas v Davis*, 533 US 678, 701 (2001), as to post-removal-order detention.

Petitioner's contentions concerning his lack of criminal history, pending asylum claim, and the medical needs of his minor daughter may bear on the question of whether he should ultimately be removed from the United States. But they don't bear on the question of whether he may be detained during the pendency of such removal proceedings. As such, he hasn't shown that his current detention violates his rights under the Due Process Clause.

Because Petitioner hasn't established that his detention violates either the Constitution or federal law, he isn't entitled to relief on *habeas corpus* in this action.

### 4. Conclusion

The petition for writ of *habeas corpus* by Petitioner Alexander Antonio Servellon Picado is DENIED. Dkt 1.

The motion by Petitioner for appointment of counsel is DENIED. Dkt 6.

The motion by Petitioner to proceed *in forma pauperis* is DENIED AS MOOT. Dkt 7.

This action is DISMISSED WITH PREJUDICE.

Any other pending motions are DENIED AS MOOT.

A certificate of appealability is DENIED as unnecessary.

Final judgment will enter separately.

The Clerk will mail this Order to Petitioner and email this Order to USATXS.CivilNotice@usdoj.gov to provide notice of this disposition to Respondents.

SO ORDERED.

Signed on May 7, 2026, at Houston, Texas.


_____
Honorable Charles Eskridge
United States District Judge